UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                           Case No. 8:19-cr-466-TPB-AEP

RONALD CARAPELLUCCI,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Ronald Carapellucci's motion for compassionate release, filed *pro se* on June 17, 2022. (Doc. 109). On June 23, 2022, the Court directed the United States to respond to the motion. (Doc. 110). On July 14, 2022, the Government filed its response. (Doc. 111). After reviewing the motion, response, case file, and the record, the Court finds as follows:

Defendant pleaded guilty to wire fraud conspiracy and aggravated identity theft for his organization and participation in a sophisticated timeshare fraud scam that defrauded numerous victims. On October 30, 2020, the Court sentenced Defendant to 72 months' imprisonment, followed by 36 months supervised release. He is currently incarcerated at Pensacola Federal Campus in Pensacola, Florida, and is projected to be released in February 2026.

In his motion, Defendant, age 53, requests that the Court modify or reduce his sentence to release him from federal prison due to his medical conditions, the spread of covid-19 among incarcerated persons, and the Bureau of Prison's

inadequate response to the covid-19 pandemic. Specifically, Defendant claims that he is 53 years old and suffers from numerous medical conditions – including hypertension, high cholesterol, and pre-diabetes – that make him more susceptible to covid-19 infection and/or complications.[1] Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because he has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his medical conditions.[2] Defendant is a 53-year old offender and claims

---

[1] The Court notes that despite his health conditions, Defendant's medical records show that he has refused to be vaccinated.

[2] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years

that his medical conditions make him particularly vulnerable to covid-19. However, he has refused to be vaccinated against covid-19. Furthermore, he has not shown that any of his alleged medical conditions constitute a serious physical or medical condition that substantially diminishes his ability to provide self-care within the correctional facility and from which he is not expected to recover.[3] "General concerns about possible exposure to covid-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of covid-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh against granting compassionate release in this case. Considering the § 3553 factors, including Defendant's characteristics, and the need for the sentence to reflect the

---

or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

[3] For example, courts have denied compassionate release requests based on hypertension alone because it is not a risk factor. *See, e.g.*, *United States v. Robinson*, Criminal Action No. 04-128 (RDM), 2021 WL 1318027, at *8 (D.D.C. Apr. 8, 2021). Defendant also indicates that he has been prescribed medication to help control and manage this condition, so it does not appear that hypertension has substantially diminished his ability to provide self-care in the facility.

seriousness of the offense and promote respect for the law, the Court finds that release would not be appropriate here.

The Court does not have the authority to direct the BOP to place Defendant in home confinement – such designation decisions are committed solely to the BOP's discretion.  *See United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020).

Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 25th day of July, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**